UNITED STATES DISTRICT COURT
                    SOUTHERN DISTRICT OF INDIANA
                       TERRE HAUTE DIVISION

CLAUDE F. HUDSON,                )
                                 )
                 Plaintiff,      )
                                 )
vs.                              )  Case No. 2:14-cv-00257-JMS-WGH
                                 )
AMANDA JONES, *et al.*,          )
                                 )
                 Defendants.     )

**Entry Dismissing Action for Lack of Jurisdiction**

In this action, Claude F. Hudson, an Indiana prisoner at the Plainfield Correctional Facility, sues Terre Haute Tribune, Amanda Jones, and Homer Jones for damage to his reputation.

This Court has an obligation under 28 U.S.C. § 1915(e)(2)(B)[1] to screen complaints before service on the defendants, and must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal under federal pleadings standards,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

---

[1] Even though the plaintiff is an inmate, this matter is being screened pursuant to 28 U.S.C. § 1915(e)(2)(B) because the defendants are not a governmental entity or officer or employee of a governmental entity.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints such as that filed by Hudson are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Obriecht v. Raemisch*, 517 F.3d 489, 491 n. 2 (7th Cir. 2008). Nonetheless, "[p]ro se litigants are masters of their own complaints and may choose who to sue-or not to sue," *Myles v. United States*, 416 F.3d 551, 552 (7th Cir. 2005), and the court may not rewrite a complaint to include claims that were not presented. *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999).

In this case, Hudson is suing the Terre Haute Tribune, Amanda Jones, advertising director of the Terre Haute Tribune, and Homer Jones, Editor of the Terre Haute Tribune. A complaint is required by Rule 8(a)(2) of the *Federal Rules of Civil Procedure* to contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." The complaint is this action does not state a cause of action or set forth any factual allegations. As such, it fails to perform the essential function of a complaint under the civil rules, which is to put the defendants on notice of the claim. Hudson's complaint is **dismissed for failure to state a claim upon which relief can be granted**.

Additionally, to the extent the complaint can be liberally construed as making a defamation claim against these defendants, they are not state actors. Subject matter jurisdiction "defines the court's authority to hear a given type of case," *United States v. Morton,* 467 U.S. 822, 828 (1984), and is the first question in every case, *Sherman v. Community Consol. Sch. Dist. 21 of Wheeling Twp.*, 980 F.2d 437, 440 (7th Cir. 1992), *cert. denied,* 114 S. Ct. 2109 (1994). A federal district court has a duty to ensure its jurisdiction over the subject matter of a controversy. *See FW/PBS, Inc. v. City of Dallas,* 493 U.S. 215, 231 (1990) (stating that federal courts are "under an independent obligation to examine their own jurisdiction").

Subject to esoteric exceptions not implicated by the circumstances of this case, "[a] federal court may exercise jurisdiction where: 1) the requirements for diversity jurisdiction set forth in 28 U.S.C. § 1332 are met; or 2) the matter arises under the Constitution, laws, or treaties of the United States as provided in 28 U.S.C. § 1331." *Barringer-Willis v. Healthsource North Carolina,* 14 F. Supp. 2d 780, 781 (E.D.N.C. 1998). "'A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case.'" *Home Builders Ass'n of Miss., Inc. v. City of Madison,* 143 F.3d 1006, 1010 (5th Cir. 1998) (quoting *Nowak v. Ironworkers Local 6 Pension Fund,* 81 F.3d 1182, 1187 (2d Cir. 1996)). The Court of Appeals has repeatedly held that Athe party invoking federal jurisdiction bears the burden of demonstrating its existence.@ *See Hart v. FedEx Ground Pkg. Sys. Inc.,* 457 F.3d 675, 679 (7th Cir. 2006).

Here, there is no allegation of conduct which could support the existence of federal question jurisdiction. *See Williams v. Aztar Ind. Gaming Corp.,* 351 F.3d 294, 298 (7th Cir. 2003)(explaining federal courts may exercise federal-question jurisdiction when a plaintiff's right to relief is created by or depends on a federal statute or constitutional provision). Similarly, the complaint in this case does not state a claim invoking the Court's diversity jurisdictionBbecause it fails to allege the citizenship of the parties. *See Denlinger v. Brennan,* 87 F.3d 214, 217 (7th Cir. 1996) (holding that failure to include allegations of citizenship requires dismissal of complaint based on diversity jurisdiction).

For the reasons explained above, the complaint fails to contain a legally viable claim over which this Court could exercise subject matter jurisdiction and this action is dismissed for lack of jurisdiction.

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 10/17/2014

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

CLAUDE F. HUDSON
239119
PLAINFIELD - CF
PLAINFIELD CORRECTIONAL FACILITY
Inmate Mail/Parcels
727 MOON ROAD
PLAINFIELD, IN 46168